UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA E. PINEDA,<br><br>          Plaintiff,<br><br>     vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>          Defendant. | Case No. CV 04-9513 (RNB)<br><br>MEMORANDUM OPINION; AND<br>ORDER THEREON |

On November 19, 2004, plaintiff filed a Complaint herein seeking review of the Commissioner's denial of her application for disability insurance benefits.

In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on August 10, 2005. Thus, this matter now is ready for decision.[1]

This Memorandum Opinion shall constitute the Court's findings of fact and conclusions of law.

\\

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case will be made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court will determine which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

## BACKGROUND

As reflected in his July 21, 2003 hearing decision (AR 21-34), the Administrative Law Judge ("ALJ") found <u>inter alia</u> that, on or before her date last insured (i.e., December 31, 1997), plaintiff had the following medically determinable impairments: "hypertension, tension headaches, status post left frontoparietal crainiotomy on October 18, 1993, mild degenerative changes of the cervical spine, osteoarthritic changes in the temporo-mandibular joints, and spondylolisthesis, Grade 1, at L5-S1 of the lumbosacral spine with secondary degenerative disc disease." However, the ALJ further found that, on or before December 31, 1997, plaintiff "did not have any impairment or combination of impairments which had more than a minimal effect upon her ability to perform basic work activities," and that plaintiff therefore did not have a "severe" impairment. The ALJ therefore found that plaintiff had not been under a "disability" as defined in the Social Security Act at any time through the date her insured status expired. Accordingly, the ALJ concluded, plaintiff was not entitled to a period of disability or disability insurance benefits. (<u>See</u> AR 33-34).

Plaintiff timely filed a request with the Appeals Council for review of the ALJ's decision. (<u>See</u> AR 12, 553-67). On October 29, 2004, the Appeals Council advised that the ALJ's decision would stand as the final decision of the Commissioner in plaintiff's case. (<u>See</u> AR 6-8).

The timely filing of the instant action followed.

## DISPUTED ISSUES

As reflected in the Joint Stipulation (<u>see</u> Jt Stip at 5-6), the disputed issues which plaintiff is raising as the grounds for reversal and/or remand are as follows:

1. Did the ALJ properly treat this case as a new initial application?

2. Did the ALJ properly find that plaintiff's impairments were nonsevere prior to her date last insured?

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

The Administrative Record does not substantiate plaintiff's characterization of this case as a continuing disability case. Rather, as noted by the ALJ, it appeared from the Field Office Disability Report dated June 28, 2000 (see AR 154) (a) that a prior application filed by plaintiff for disability insurance benefits had been denied in December 1996; and (b) that benefits had previously been terminated in June 1993. The ALJ found no reason to reopen the determination made on the prior application, but nevertheless stated that he would not apply the doctrine of res judicata through December 1996, the date of the final and binding determination on the prior application, because the prior file could not be located. (See AR 22).

The Court therefore rejects plaintiff's contention that reversal is warranted based on the ALJ's allegedly improper treatment of this case as a new initial application. However, the Court is unable to affirm the ALJ's determination at Step Two of the

Commissioner's sequential evaluation process that plaintiff's impairments are not severe.

An impairment may be found "not severe" at Step Two of the Commissioner's sequential evaluation process only where the impairment "has no more than a minimal effect" on the claimant's ability to perform basic work activities. If a finding of non-severity is not "clearly established by medical evidence," adjudication must continue through the sequential evaluation process. See Social Security Ruling[2] ("SSR") 85-28; SSR 96-3p; see also Yuckert v. Bowen, 841 F.2d 303, 306-07 (9th Cir. 1988); McDonald v. Secretary of Heath & Human Svcs., 795 F.2d 1118, 1124-25 (1st Cir. 1986); Chapman v. Barnhart, 189 F. Supp.2d 795, 804 (N.D. Ill. 2002) ("[A] 'severe' impairment is any medically determinable impairment that would interfere with a person's ability to perform the full range of exertional and non-exertional work-related activities.").

Here, the medical evidence did not "clearly establish" a finding of non-severity. Based on his comprehensive physical examination of plaintiff and review of diagnostic tests, Dr. Hafezi (who plaintiff contends was her treating physician[3]) opined in his June 29, 1992 evaluation report that plaintiff's orthopedic impairments precluded her from repetitive bending, stooping and any heavy lifting; and that plaintiff was unable to return to her former employment. (See AR 391-95). Further, based on his physical examination of plaintiff, Dr. Rhyne likewise opined in his

---

[2] Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

[3] Although the Commissioner asserts that two visits are insufficient to render Dr. Hafezi the status of a treating physician, as plaintiff points out, the Ninth Circuit has held otherwise. See Ghokassian v. Shalala, 41 F.3d 1300, 1303 (9th Cir. 1994)(holding that a physician who had prescribed drugs for a claimant and seen the claimant only twice during the 14-month period preceding the administrative hearing was "without doubt [the claimant's] treating physician").

May 6, 1993 Qualified Medical Examination Orthopedic Evaluation Report that plaintiff's orthopedic impairments precluded her from any work which required very heavy lifting, repeated bending, or repeated stooping.  (See AR 404-15).  What the Commissioner has done in the Joint Stipulation is conflate the issue of whether any of the medically determinable impairments found by the ALJ qualified as "severe," with the issue of whether any of plaintiff's medically determinable impairments were of disabling severity.

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court.  See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981).  Remand is warranted where additional administrative proceedings could remedy defects in the decision.  See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, supra.

Here, the Court has found that the ALJ erred at Step Two of the Commissioner's sequential evaluation process.  Remand is appropriate to allow the Commissioner to continue the sequential evaluation process starting at Step Three. There is no reason for the Court to direct the manner in which the Commissioner performs Steps Three, Four and Five (if reached), and the Court declines to do so.

**ORDER**

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security, and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion.

DATED: August 24, 2005

                                         /s/
                                     ROBERT N. BLOCK
                                     UNITED STATES MAGISTRATE JUDGE